(12 Misc. Rep. 546.)

STATE BANK OF CITY OF NEW YORK v. POSTAL et al.

(City Court of New York, General Term. May 28, 1895.)

1. NEGOTIABLE INSTRUMENTS—TERMS—QUESTION FOR JURY.

Where it is doubtful from an inspection of a note whether it is payable in two or four months after date, that question is for the jury.

2. BANKS AND BANKING—KNOWLEDGE OF CUSTOMER'S HANDWRITING.

In an action by a bank on a note discounted by it, defendants contended that the note was payable two months after date, and not four, as alleged by plaintiff, and that they were relieved from liability by nonprotest. It was doubtful whether the time written in the note was two or four months after date. *Held,* that checks drawn on plaintiff by the maker of the note were admissible for the purpose of charging plaintiff with knowledge of the maker's peculiar way of writing the word "two," though the checks passed only the paying teller and the bookkeeper, and were not before the directors, as in the case of notes offered for discount.

Appeal from trial term.

Action by the State Bank of the City of New York against Jacob Postal and Moses Price, impleaded with others, on a promissory note. From a judgment entered on a verdict in favor of defendants, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before CONLAN and NEWBURGER, JJ.

George Carlton Comstock, for appellant.

Morris Goodhart, for respondents.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury and from an order denying a motion for a new trial. The action was brought on a promissory note made by one M. Fische to the order of himself, dated September 19, 1893, and indorsed by the defendants Postal and Price, and before discount by the plaintiff. The note was protested as a four-months note, and the indorsing defendants Postal and Price contend that it was a two-months note, and that they are therefore relieved from liability, not having been charged by a proper protest. The only question submitted to the jury was whether the note in suit was due in two or four months. From an inspection of the note, it would be difficult to say whether the time written in the note on the blank space before the printed word "months" was "two" or "four"; it therefore became a question of fact for the jury. The defendants introduced in evidence a number of checks drawn by the maker of the note in suit, on the plaintiff, commencing early in May, 1892, and continuing down to the making of the note, in some of which the word "two" was written similarly to the time written in the note, and in others the word "four" was written legibly and spelled correctly. Defendants also introduced a promissory note in the handwriting of Fische, dated May 9, 1893, at four months, and discounted by the plaintiff, where the time was written as "four" months, as tending to show knowledge on the part of the plaintiff as to Fische's peculiar way of writing the word "two," as distinguished from the word "four." The plaintiff objected to the introduction of the checks, on the ground that they passed only the

paying teller and bookkeeper, and were not before the directors, as in the case of notes offered for discount, and therefore not notice to the plaintiff. The plaintiff is a corporation carrying on a banking business. Its method or system is its own and persons employed in carrying out this system are its agents and servants, and if it has established channels through which business paper must go that do not bring knowledge to its officers, it is the fault of the system employed, and cannot be urged to the prejudice of innocent parties dealing with it, without either knowledge of or control over its interior operations. The checks unmistakably show that the plaintiff frequently, during a course of dealings extending over a period of nearly a year and a half prior to the making of the note in suit, recognized and acted on a similar written word to the one on the note in suit as meaning two, and not four. But, aside from what may be gathered from an examination and comparison of the notes and checks, there is direct evidence that the plaintiff had actual knowledge that the note was for two months before its discount. It is true that this evidence is flatly contradicted by Mr. Rosenbaum, the cashier of the plaintiffs. The conflict thus presented was one for the jury. We think the case was fairly submitted, and that the verdict should stand. Judgment affirmed, with costs.